UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| AUNDREA LYNN NATINS,<br><br>                Petitioner,<br><br>   v.<br><br>UNITED STATES OF AMERICA,<br><br>                Respondent. | CASE NO. 3:18-cv-05775-RBL-JRC<br><br>ORDER TO TRANSFER |

     Aundrea Lynn Natins, a federal prisoner at the United States Federal Correctional Institution (FCI) Satellite Camp in Dublin, California, has filed a Writ of Habeas Corpus in this district. Dkt. 408. In this Request, she seeks judicial review of the execution of her sentence by the Bureau of Prisons. Specifically, she seeks credit for the approximately twelve months and four days she spent on pretrial release.

     Title 28, United States Code, Section 2241 grants federal district court judges the authority to grant a writ of habeas corpus to a prisoner who is being incarcerated in violation of the Constitution or law of the United States. This power extends to reviewing challenges to the

BOP's decisions regarding execution of federal criminal sentences, including calculation of release date. *See Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000).

However, district court authority to issue writs of habeas corpus is limited to matters "within their respective jurisdictions." 28 U.S.C. § 2241(a). For habeas petitions in which the request for relief involves release from physical custody, the only proper venue lies in the district of confinement, because the court considering the writ must have jurisdiction over the custodian. *See, e.g., Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 495 (1973); *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) ("The plain language of the habeas statute thus confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement."); *Campbell*, 204 F.3d 861, 864 (9th Cir. 2000).

In this case, the proper respondent for Petitioner's motion is the warden of the facility at which Petitioner is confined, and the only district court with jurisdiction to grant the requested relief is the judicial district with jurisdiction over that warden. *See Padilla*, 542 U.S. 426, 443 (2004). Accordingly, as provided by 28 U.S.C. § 2241(b), this Court must "transfer the application for hearing and determination to the district court having jurisdiction to entertain it." The FCI Satellite Camp in Dublin, California, is in the Northern District of California. Hence, this action must be transferred there.

The Court notes that, in any event, it could not grant the relief Petitioner is requesting. Not only has she failed to exhaust her administrative remedies, as she must do before seeking judicial relief, *see United States v. Wilson*, 503 U.S. 329, 335 (1992), but her period of home confinement does not qualify as official detention for which she would be entitled to credit. *See Fraley v. U.S. Bureau of Prisons*, 1 F.3d 924, 925-26 (9th Cir. 1993).

1    IT IS THEREFORE ORDERED that, as provided by 28 U.S.C. § 2241(b), Petitioner's Request is transferred to the Northern District of California for consideration. The Clerk of this Court is directed to take such actions as necessary to implement this transfer and service upon the appropriate parties in the Northern District of California without unreasonable delay.

Dated this 3rd day of December, 2018.

Ronald B. Leighton
United States District Judge